By the Court:
The action was brought under Sections 3374 and '3376 of the Revised Statutes. Section 3374 is as follows: “A company operating a railroad, in whole or in part, in this state, may demand and receive for the transportation of passengers on its road not exceeding three cents per mile, for a distance of more than eight miles; but the fare shall always be made that multiple of five nearest reached by multiplying the rate by the distance.” Section 3376 provides that for a violation of Section 3374, the railway company shall pay to the party aggrieved for every such overcharge a sum equal to double the amount of the overcharge, but in no .case less than $150.00.
These sections of the statute are highly penal, and should be strictly construed; and in case of doubt, should be so construed as to avoid the penalty; but if the intention of the general assembly is clear, then effect should be given to that intention, even though penalties may thereby be exacted.
The controversy arises over that part of the statute which provides that “the fare shall always be made that multiple of five nearest reached by multiplying the rate by the distance.”
The statute was passed to avoid the trouble of making change in pennies, and was regarded as a favor to the railroad companies. It was assumed that the losses and and gains would be substantially equal, and therefore there would be no loss *271 either to the railroad companies or the public, while both would be greatly eonvenienced by making change in multiples of five.
To allow thé railroad companies to always charge as fare that multiple of five next above the product of the rate by the distance, would inure to their benefit and to the detriment of the public, while the object of the statute was to benefit neither, but convenience both.
It is urged by counsel for plaintiff in error, that the words “nearest reached,” mean a point approached but not yet reached, and that therefore the fare to be charged is that multiple of five first above the product of the rate by the distance and not below it, because the one beloAV has been reached and passed.
We are clearly of opinion that this was not the intention of the general assembly. The statute is not one of linear measure. It does not imply that by measurement a point is reached and passed, and another point approached and not reached. The true construction is that the rate is multiplied by the distance and the product thus obtained constitutes the point in numbers from which to reckon, and from this point the nearest multiple of five, whether above or below, is reached and made the fare to be charged. If this point should be equally distant from the multiple of five next below and the one next above, the railroad company may charge either fare without incurring any liability under the statute, because under a strict construction it could not be said in such cases that the statute had been violated.

Judgment affirmed.